### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

**NABORS DRILLING USA, L.P.,**                                                                      **PLAINTIFF**

**VERSUS**                                                               **CIVIL ACTION NO. 2:05cv2024-KS-JMR**

**MARKOW, WALKER, P.A.,**
**MARKOW, WALKER & REEVES, P.A.,**
**MICHAEL YOUNG and ROBERT NILES HOOPER**                                 **DEFENDANTS**

### ORDER GRANTING MOTION TO DISMISS

This matter is before the court on the defendants' motion to dismiss for the plaintiff's failure to timely serve process, and the court, having reviewed the motion, the response, the submissions of the parties and applicable law, and being thus fully advised in the premises, FINDS that the motion should be granted. The court finds more specifically as follows:

On July 14, 2005, Nabors filed suit against the defendants in the District Court of Harris County, Texas claiming essentially that the defendants committed legal malpractice in their prior representation of the plaintiff in a worker's compensation proceeding. Nabors is represented in that action by Thomas Smith and Todd Newman from the Houston, Texas office of Galloway, Johnson, Tompkins, Burr & Smith. On July 15, 2005, Nabors filed substantially the same suit in this court. Nabors is represented in this action by Doris Bobadilla from the New Orleans, Louisiana office of Galloway, Johnson, Tompkins, Burr & Smith. Although both complaints bear the instruction to "hold service," process was served on the defendants in the Texas suit on August 9, 2005. Process was not even issued in this case until after the court issued a show cause order on December 5, 2005 for the plaintiff's failure to prosecute. Following service upon them nearly 160 days after the complaint was filed, the defendants timely filed the instant motion.

The plaintiff filed this action on July 15, 2005 but did not serve the defendants with process

until December 28, 2005. Federal Rule of Civil Procedure 4(m) defines the consequences of failure to effect service timely:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

It is undisputed that the defendants were not served within the 120-day period, which expired on November 16, 2005. It is also undisputed that process was not issued during that time nor was an extension of time sought. However, the plain language of the rule requires the court to extend time for service if the plaintiff demonstrates good cause for the failure to serve the defendants within the allotted time. *See Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996).

The defendants take the position that this action must be dismissed because the plaintiff has not shown good cause. The plaintiff urges–as it did in response to the show cause order–that the advent of Hurricane Katrina and its lawyer's inability to access file materials for two months are sufficient good cause for the service time to be extended. The problem with that contention is not only that the plaintiff served process on the defendants more than a month after the allotted time had expired but also that the plaintiff made no efforts to serve the defendants either in the time between filing the complaint and Katrina or in the time between the attorney's regaining access to the file and the court's show cause order. That process was effected on the defendants less that a month after the Texas suit was filed only highlights the plaintiff's tardiness in this action. The court accordingly finds that the plaintiff has failed to show good cause for its tardiness and is not entitled to a mandatory extension of time.

The court finds it particularly troubling that in its response to the show cause order the plaintiff sidesteps rule 4(m) and urges the propriety of an extension of time in part because the

−2−

–3–

plaintiff and defendants in this case are "intimately involved in litigation in Texas; thereby, putting Defendants on Notice of the pending suit in this court well within the service deadline requirements." Although rule 4(m) grants this court discretion to permit an extension of time for service even without a showing of good cause, under the circumstances of this case, the court finds that a retroactive extension of time is not warranted and declines to exercise that discretion, choosing instead to dismiss this action without prejudice. *See Thompson v. Brown,* 91 F.3d 20, 21-22 (5th Cir. 1996).

ACCORDINGLY, IT IS ORDERED AND ADJUDGED

That the defendants' **Motion to Dismiss** [#4] is **GRANTED;**

That the plaintiff's Complaint is DISMISSED without prejudice; and

That a separate judgment shall be entered herein in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED this the 22nd day of May, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE